UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LOUISIANA CRANE ACQUISITION, LLC** | **CIVIL DOCKET NO. 6:22-CV-05419** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MATT ROLLMAN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (the "Motion"), filed by Plaintiff, Louisiana Crane Acquisition, LLC, ("Louisiana Crane" or "Plaintiff"). [Doc. 2]. For the following reasons, the Motion is DENIED.

On September 30, 2022, Louisiana Crane filed a VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND DAMAGES ("Complaint") [Doc. 1], bringing suit against one of its former employees, Matt Rollman ("Rollman" or "Defendant"). The Complaint seeks damages and injunctive relief stemming from Louisiana Crane's allegation that Rollman violated the confidentiality, non-solicitation, and non-competition clauses of his employment contract by going to work for a competitor, Core Lifting. The pertinent facts are straightforward. On July 1, 2022, Rollman sent a resignation letter to Louisiana Crane's president, Harold King. [Doc. 1-3, p. 2]. Approximately one month later, on August 3, 2022, Louisiana Crane was apprised of Rollman's employment with Core Lifting when Rollman emailed one of Louisiana Crane's vendors, CM Works, from his

1

Core Lifting email address. [Doc. 1, pp. 2, 3]. In the email, Rollman allegedly ordered products from CM Works of the same type sold by Louisiana Crane.[1] *Id.*

Shortly thereafter, on August 11, 2022, Plaintiff sent Rollman a cease-and-desist letter asking him to refrain from engaging in any further acts that violated the employment agreement including: (i) using and disclosing Louisiana Crane's confidential information, including customer information, (ii) competing with Louisiana Crane by "selling, supplying, installing, servicing, inspecting, and maintaining overhead cranes and mechanical handling solutions," and (iii) soliciting Louisiana Crane's customers and vendors. [Doc. 1-5]. Counsel for Rollman responded on August 15, 2022, stating that Rollman was in full compliance with the terms of his employment agreement. [Doc. 1-6].

On September 30, 2022, Louisiana Crane filed the Complaint and Motion seeking a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Rollman from: (i) using Louisiana Crane's confidential information, (ii) competing with Louisiana Crane by "being engaged in selling, supplying, installing, servicing, inspecting, and maintaining overhead cranes and mechanical handling solutions," and (iii) soliciting Louisiana Crane's customers or vendors in violation of his non-solicitation agreement. [Doc. 2-1, p. 2].

---

[1] In essence, Plaintiff contends that this email alone provides sufficient evidence of Rollman's breach of the confidentiality, non-solicitation, and non-competition provisions of his employment contract with Louisiana Crane.

To obtain a temporary restraining order, "the moving party must establish four factors: (i) a substantial likelihood of success on the merits, (ii) a substantial threat that failure to grant the injunction will result in irreparable injury, (iii) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (iv) the injunction will not disserve the public interest." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Without examining the remaining factors, Plaintiff's Motion and evidence fails to meet the requisite showing that there is "a substantial threat that failure to grant the injunction will result in irreparable injury." *Lakedreams*, 932 F.3d at 1107. Generally, harm is irreparable when there is no adequate remedy at law, such as money damages. *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). A showing of "'[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.'" *Id.*

Here, the Court finds that the mere fact that Defendant sent an email to one of Louisiana Crane's vendors, without more, is insufficient for the Court to find Louisiana Crane's business has been caused any injury – much less that it is in jeopardy of suffering irreparable injury. While the Court agrees with Plaintiff's general premise that the loss of "business opportunities [may cause] substantial harm to its position in the infusion services business, which erodes the company's goodwill,"

Crane has failed to provide sufficient evidence that Rollman's alleged breach of his contract has resulted or will result in any lost business opportunities. [Doc. 2-1 p. 11]. Specifically, Plaintiff has failed to adduce any evidence that Rollman has solicited any of Louisiana Crane's clients, that he is in possession of or plans to wrongfully use any confidential information, or that he is likely to otherwise cause Louisiana Crane to suffer irreparable harm.

Nor does the Louisiana state court jurisprudence cited by Plaintiff provide any support for its contention that the irreparable harm requirement is inapplicable in the context of non-compete agreements. State substantive law does not dispense with, or in any way modify, the irreparable injury requirement set forth in the Rule 65. [Doc. 2-1, p. 10].

A preliminary injunction, as an exercise of the federal courts' equitable power, is governed by the traditional principles of equity set forth by federal courts. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 318-19 (1999). Thus, the requirements for issuance of an injunction are a matter of federal remedial power, not state law. *See* 19 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4513 (rev. 3d ed. 2021). ("It seems reasonably clear that preliminary injunctions or temporary restraining orders may be issued in a diversity case in accordance with terms of Rule 65 regardless of state practice, and further that federal law supplies the standards for their issuance." *Id.*). So even if it is true that Louisiana state courts would not require proof of irreparable injury at this stage in

the context of non-compete contracts, it remains a required showing for the issuance of a temporary restraining order or preliminary injunction in federal court.

Further, in spite of its argument to the contrary, Plaintiff cannot meet its burden in this regard merely by pointing to the fact that its employment contract with the Defendant stipulated that any breach of the confidentiality, non-competition, and non-solicitation provisions would cause "irreparable injury to Louisiana Crane." [Doc. 1-2]. At bottom, Louisiana Crane has failed in its task to provide the Court with "specific facts," much less evidence, as to what "irreparable and immediate" harm it will suffer if the Motion is denied.

Accordingly, under these circumstances,

IT IS HEREBY ORDERED that Louisiana Crane's application for a temporary restraining order is DENIED.

Once Plaintiff has served the Defendant, the parties are instructed to contact the Court to request a scheduling conference to set an evidentiary hearing on Plaintiff's motion for preliminary injunction.

THUS, DONE AND SIGNED in Chambers on this 7th day of October 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE